UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

_____

MD ATAUR RAHMAN,
          Plaintiff,

v.

LORETTA LYNCH, Attorney General of the United
States of America,

JEH JOHNSON, Secretary of the Department
of Homeland Security,

LEÓN RODRÍGUEZ, Director, U.S. Citizenship
and Immigration Services

DAVID ROARK, Service Center Director,
U.S. Citizenship and Immigration Services,
Texas Service Center

          Defendants.
_____

Case Number: 15-7317

PLAINTIFF'S ORIGINAL
COMPLAINT FOR A
DECLARATORY JUDGMENT
AND PETITION FOR A
WRIT OF MANDAMUS

ECF Case

Plaintiff, Md. Ataur Rahman, through the undersigned counsel, alleges as follows:

## I.   PRELIMINARY STATEMENT

1. Plaintiff is not a citizen or national of the United States. Plaintiff is a citizen of Bangladesh and the Chief Executive Officer of Sonali Exchange Co., Inc., a U.S. subsidiary of the largest bank in Bangladesh. Plaintiff and his derivative spouse and children sought to adjust their status pursuant to INA 245(a) on the basis of an I-140 petition in the Employment Based First ("EB1") category which was filed on Plaintiff's behalf on April 26, 2012, and approved by USCIS on July 2, 2012.

2. Plaintiff and his family's Applications to Adjust Status have been pending for nearly four years and are nearly three years outside of USCIS's published normal processing times. On information and belief, the inaction of USCIS with respect to Plaintiff and his

family's applications has risen to the level of an abandonment or refusal to process the I-485 applications.

3. Defendants, by abandoning and/or refusing to adjudicate Plaintiff's and his family's Applications to Adjust Status which are nearly three years outside of published normal processing times, have violated the standards set forth in the Administrative Procedures Act, 5 U.S.C. § 701 et seq. ("APA").

4. Plaintiff respectfully requests that this Honorable Court issue a writ of mandamus ordering Defendants to process Plaintiff's and his family's Applications to Adjust Status within 60 days and to order them to pay Plaintiff's attorney's fees and costs.

## II. JURISDICTION

5. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1361, 5 U.S.C. §701 *et seq.*, and 28 U.S.C. § 1631 *et seq.*, because Plaintiff's claim arises under the federal laws of the United States, specifically under Section 245(a) of the Immigration and Nationality Act, 8 U.S.C. § 1255(a).  This Court has mandamus jurisdiction pursuant to 28 U.S.C. § 1361.  This Court may grant relief in this action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, the Mandamus Act, 28 U.S.C. § 1361, and All Writs Act, 28 U.S.C. § 1651. This Court is not precluded from exercising judicial review under 8 U.S.C. § 1252(a)(2)(B)(ii), because the questions presented do not implicate agency discretion, as USCIS's failure to adjudicate the Applications to Adjust Status which has now lagged to nearly three years beyond published normal processing times has amounted to an abandonment or a refusal to adjudicate the Applications and it is not within the Agency's discretion to choose to flat-

out abandon or refuse to adjudicate an Application to Adjust Status that has been properly filed.

6. While it is within the Attorney General's discretion to grant or deny an application for adjustment of status, it is not within his discretion to not adjudicate at all. *See Kim v. Ashcroft*, 340 F. Supp. 2d 384 (S.D.N.Y. 2004), *Nigmadzhanov v. Mueller*, 550 F. Supp. 2d 540 (S.D.N.Y. 2008). *See also Ruiz v. Mukasey*, 552 F.3d 269, 273 (2d Cir. 2009) (stating that judicial review under the APA exists "unless review is precluded by statute or the complained-of decision was committed to agency discretion"). Under Section 6 of the APA, USCIS is required to act "within a reasonable time." 5 U.S.C. § 555(b); *Kim*, 340 F. Supp. 2d at 389. As stated in *Kim*, if this were otherwise: "the C.I.S. could hold adjustment applications in abeyance for decades without providing any reasoned basis for doing so. Such an outcome defies logic — the C.I.S. simply does not possess unfettered discretion to relegate aliens to a state of "limbo," leaving them to languish there indefinitely. This result is explicitly foreclosed by the APA." *Kim*, 340 F. Supp. 2d at 393. Additionally, the "`duty to decide' becomes no duty at all if it is accompanied by unchecked power to decide when to decide." *Razaq v. Poulos*, No. C 06-2461 WDB, 2007 U.S. Dist. LEXIS 770, at *10-11 (N.D. Cal. Jan. 8, 2007). Therefore, this Court has subject matter jurisdiction.

### III. VENUE

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) (action against officers of the United States may be brought in any district where "plaintiff resides") because Plaintiff resides in the Eastern District of New York.

## IV. STANDARD OF REVIEW

8. The Administrative Procedures Act empowers this Court to "hold unlawful and set aside" not only agency actions and conclusions that are arbitrary or capricious," but also agency actions that are "otherwise not in accordance with law" or are "in excess of statutory jurisdiction, authority, limitations, or short of statutory right." 5 U.S.C. § 706(2)(A), (C). Here, USCIS has outright refused to comply with its duties set forth in Section 245(a) of the Immigration and Nationality Act because it has either abandoned or refused to adjudicate Plaintiff's and his family's Applications to Adjust Status.

## V. PARTIES

9. Plaintiff, Md. Ataur Rahman, is a native and citizen of Bangladesh who seeks to have his and his family's Applications to Adjust Status be adjudicated by USCIS.

10. Defendant, Loretta Lynch, is sued in her official capacity as the Attorney General of the United States. Ms. Lynch is charged with the duty to oversee administration and enforcement of the immigration laws and regulations of the U.S., including the laws governing adjustment of status.

11. Defendant, Jeh Johnson, is sued in his official capacity as the Secretary of the U.S. Department of Homeland Security. Mr. Johnson is the official in charge with the responsibility for administration and enforcement of the immigration laws and regulations of the United States.

12. Defendant, León Rodríguez, is sued in his official capacity as the Director of USCIS. Director Rodríguez is responsible for the administration of the immigration laws and regulations of the U.S. including the adjudication of applications to adjust status.

13. Defendant, David Roark, is sued in his official capacity as the Service Center Director of the USCIS Texas Service Center. Director Roark is responsible for all USCIS activities at the Texas Service Center including the adjudication of all Applications to Adjust Status filed by persons under the jurisdiction of the Service Center which includes employment-based adjustments of status.

## VI. FACTS

14. Plaintiff, Md. Ataur Rahman, a native and citizen of Bangladesh, was issued an L-1 visa to come to the United States to act as the Chief Executive Officer of Sonali Exchange Co., Inc., a U.S. subsidiary of the largest bank in Bangladesh. Plaintiff sought admission to the United States using the visa, was determined by Customs and Border Protection to be admissible to the United States, and was admitted in non-immigrant L-1 status. Plaintiff's accompanying spouse and children obtained derivative visas and entered the United States in derivative L-2 status after having been deemed also admissible to the United States. On April 26, 2012, Plaintiff's employer filed an I-140 petition on his behalf in the EB-1 category to classify him as a multinational executive or manager. The EB-1 category is available to individuals who were employed abroad for one year in the last 3 years by an entity or affiliate who is being petitioned for by the entity or affiliate in the United States to classify the person as an executive or manager. As Mr. Rahman had worked abroad for Bangladesh's largest bank for one year during the past three and was being petitioned for to be the Chief Executive Officer of a U.S. affiliate of that bank, Mr. Rahman was eligible to be petitioned for in the EB-1 employment-based category.

15. On the same day, Plaintiff and his spouse and children concurrently filed Forms I-485, Applications to Adjust Status.

5

16. On July 2, 2012, USCIS approved the I-140 petition filed on behalf of Plaintiff. The Applications to Adjust Status remained pending despite approval of the I-140 petition.

17. After the Applications to Adjust Status pended beyond published normal processing times, Plaintiff's former counsel contacted U.S. Citizenship and Immigration Services three times on July 2, 2013, November 6, 2013, and May 8, 2014, respectively.

18. On July 11, 2013, USCIS customer service wrote to Plaintiff in response to former counsel's July 2, 2013 inquiry, stating "we have received your service request and researched the status of your case. Our system indicates that your case is currently under extended review and this has caused a delay in processing time. We do not require any actions from you at this time."

19. On November 16, 2013, USCIS customer service wrote to Plaintiff in response to former counsel's November 7, 2013 inquiry, stating "we have received your service request and researched the status of your case. Our system indicates that your case is currently under extended review and this has caused a delay in processing time. We do not require any actions from you at this time."

20. Plaintiff's current counsel contacted USCIS in writing on April 20, 2015, and made repeated follow-ups over telephone with USCIS customer service.

21. On May 19, 2015, USCIS customer service wrote to Plaintiff in response to present counsel's May 8, 2015, inquiry, stating: "our records show that your I-485 is currently pending adjudication. We regret that we are unable to provide you with a completion date at this time. We apologize for the delay."

22. Plaintiff through present counsel has initiated a liaison request with the American Immigration Lawyers' Association which has to date not resolved the issue.

23. Plaintiff's and his family's Applications to Adjust Status remain unadjudicated by USCIS.

## VII.    CAUSE OF ACTION

**USCIS Violated the APA in Abandoning and/or Refusing to Adjudicate Plaintiff's and his Family's Applications to Adjust Status such that the Adjudication Has Fallen to Nearly Three Years Outside of Published Normal Processing Times.**

1. Section 245 of the INA, codified at 8 U.S.C. § 1255(a), declares that "[t]he status of an alien who was inspected and admitted or paroled into the United States [. . .] may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence," if the alien is "inspected admitted or paroled," is "eligible for a visa and admissible to the United States," and if "an immigrant visa is immediately available." 8 U.S.C. § 1255(a).

2. Plaintiff was admitted to the United States in non-immigrant L-1 status as a multi-national executive and was otherwise admissible to the United States.  A visa number was immediately available to him - as per the Department of State's Visa Bulletin for April 26, 2012, and all subsequent monthly Visa Bulletins, the EB1 category is listed as "current" meaning that an immigrant visa is available and therefore an application to adjust status is permitted to be filed concurrently with an I-140 petition filed in the EB1 category.  *See* 8 C.F.R. Section 245.2(a)(2)(B) (allowing for concurrent filing of I-485 if approval of the visa petition filed "would make a visa immediately available to the alien beneficiary.").  Plaintiff's and his family's I-485 Applications to Adjust Status were filed concurrently with the I-140 petition on April 26, 2012.  On July 2, 2012, USCIS approved the I-140 petition filed on Plaintiff's behalf.

7

3. USCIS's most recently published processing times state that the Texas Service Center is processing employment-based I-485 Applications to Adjust Status that have been filed on or before March 5, 2015; therefore, this case is just under three years outside of normal processing times.

4. In response to Plaintiff's inquiries as to why his and his family's Applications to Adjust Status have not been adjudicated, USCIS stated twice during 2013 that: "Our system indicates that your case is currently under extended review and this has caused a delay in processing time. We do not require any actions from you at this time." In response to Plaintiff's May 2015 inquiry, USCIS stated merely: "our records show that your I-485 is currently pending adjudication. We regret that we are unable to provide you with a completion date at this time. We apologize for the delay." USCIS has provided no explanation for why Plaintiff, a multi-national executive with no negative history or criminal record, or his family, would warrant their case being abandoned for nearly three years beyond published normal processing times. USCIS has utterly failed to explain why it has refused to adjudicate Plaintiff's and his family's Applications.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Md. Ataur Rahman prays for judgment against Defendants and prays that the Honorable Court shall

(1) Assume jurisdiction over this matter;

(2) Grant judgment in favor of Md. Ataur Rahman and against Defendants;

(3) Issue a Writ of Mandamus ordering Defendants to adjudicate Plaintiff's and his family's Applications to Adjust Status within 60 days;

(4) Award attorney's fees pursuant to the Equal Access to Justice Act; and

(5) Grant any and all further relief this Honorable Court deems just and proper.

                        Respectfully Submitted,

Dated: December 9, 2015                          _____

                        Jan Allen Reiner, Esq.
                        Attorney for Plaintiff
                        225 Broadway, Suite 840
                        New York, NY 10007
                        Tel. (212) 925-1919
                        Fax (212) 941-5975
                        allen.reiner@janallenreiner.com

## EXHIBIT LIST

**EXHIBIT A**    I-140, Approval Notice Showing Priority date of April 26, 2012, and I-485, Adjustment of Status Receipts for Plaintiff and his family;

**EXHIBIT B**    Correspondence from USCIS stating case facing delays;

**EXHIBIT C**    All of our correspondence to USCIS;

**EXHIBIT D**    May 2015 letter from USCIS admitting delay;

**EXHIBIT E**    April 2012 Visa Bulletin Showing EB1 was current; and

**EXHIBIT F**    USCIS processing times printout showing 3 years outside normal processing times.